1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                         NORTHERN DISTRICT OF CALIFORNIA

9

10    FRANK PACINO,                              Case No.  18-cv-06786-RS

                      Plaintiff,
11

12            v.                                 **ORDER DISMISSING CASE**

13    LUIS OLIVER, et al.,

                      Defendants.
14

15                                   **I. INTRODUCTION**

16            Plaintiff Frank Pacino owns a partial interest in an allotment of land on the Round Valley

17    Indian Tribe's Covelo reservation. The land cannot be leased without approval of both a majority

18    of its owners and the Secretary of the Interior. *See* 25 U.S.C. § 2218; 25 C.F.R. § 162.012. No

19    lease of the Allotment has been recorded pursuant to this process. In 2017, Pacino discovered

20    Defendants, the Olivers, had taken up residence on the allotment, installing a fence and a locked

21    gate. He asked the tribal police to evict them, but was told the police had been directed not to do

22    so. He contacted the Bureau of Indian Affairs, who sent a cease and desist letter. The tribal council

23    then passed a resolution purporting to approve a life tenure on the allotment for Cathy Oliver.

24    Pacino brought an ejectment action in Tribal Court, but the court dismissed the complaint because

25    it lacked subject matter jurisdiction. In the course of that action, however, the Olivers asserted a

26    right to be on the land, establishing federal court jurisdiction under the General Allotment Act

27    (although there are other jurisdictional issues, as discussed below). Rather than continuing on to

28

*United States District Court*
*Northern District of California*

the Tribal Court of Appeals, Pacino filed this action. The full procedural history of the instant suit need not be recited here; notably, this case was eventually stayed because Pacino had not exhausted his administrative or tribal court remedies, and Pacino has since moved to lift the stay.

Because federal courts "should not intervene" until a tribe's appellate review is complete, *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 17 (1987), the central question is whether Pacino's untimely appeal satisfies the exhaustion requirement. To analyze the issue comprehensively, supplemental briefing was requested of the Parties. Based on their submissions and the law on the issue, the case must be dismissed.

## II. DISCUSSION

The tribal court exhaustion doctrine is a prudential rule that, as a matter of comity, federal courts "should not intervene" in matters before tribal legal institutions are given a "full opportunity to consider the issues before them and to rectify any errors." *Iowa Mut.*, 480 U.S. at 16-17; *see also Nat'l Farmers Union Ins. Cos. v. Crow Tribe*, 471 U.S. 845 (1985). The Supreme Court has also enunciated exceptions wherein exhaustion would not be required, such as: (1) "where an assertion of tribal jurisdiction 'is motivated by a desire to harass or is conducted in bad faith,'" (2) "where the action is patently violative of express jurisdictional prohibitions"; or (3) "where exhaustion would be futile because of the lack of an adequate opportunity to challenge the court's jurisdiction." *Nat'l Farmers,* 471 U.S. at 856 n.21; *see also Strate v. A-1 Contractors*, 520 U.S. 438, 459 n.14 (1997).

In an appeal to the first exception, Plaintiff also argues that the Tribal Court's dismissal of the case was conducted in bad faith, explaining that although he cited a different provision to show the Tribal Court had jurisdiction over cases involving trespass to Indian allotments in his original filing (Law & Order Code Chapter 5, Section 5.02, instead of Chapter 1, Section 1.03), it effected an implied citation through reference of the Law & Order Code generally. Even if, as Plaintiff argues, the decision to dismiss was inconsistent with precedent, that is insufficient in and of itself to meet the high threshold that a showing of bad faith typically requires. Plaintiff's allegations therefore fail to show that the Tribal Court, by dismissing the case for want of jurisdiction, was

1  motivated by a desire to harass Plaintiff.

2         The conclusion that tribal court remedies are futile because the appellate court refused to

3  take up his untimely appeal is also unwarranted. Generally, futility is reserved only for the most

4  extreme cases, *e.g.*, where the tribe does not have a functioning court system. *See Grand Canyon*

5  *Skywalk Dev., LLC v. 'Sa' Nyu Wa Inc.*, 715 F.3d 1196, 1203 (9th Cir. 2013). That cannot be said

6  of the Round Valley Indian Tribe ("RVIT"), whose Tribal Court and Court of Appeals were

7  established by the RVIT Constitution, and operate pursuant to published rules. Among those rules,

8  Tribal Court of Appeals Rule 3(c)(iii) states that, despite Rule 3(a)'s requirements that all appeals

9  be made no later than thirty (30) calendar days after entry of the final written judgement or order

10 of the Tribal Court, "the Court of Appeals, may, at its discretion, grant relief from a late appeal

11 upon a showing of good cause and where the Court finds that no party would be prejudiced by the

12 requested relief." RVIT Ct. Ap. R. Ct. 3(c)(iii). Though it does not appear that the judiciary's

13 website is maintained,[1] there are sufficiently established structures and procedures that leave little

14 basis upon which to conclude that RVIT courts do not function.[2] Likewise, there is insufficient

15 evidence to conclude that the RVIT Court of Appeals exceeded its discretion in denying Plaintiff's

16 appeal, which far exceeded the 30-day time limit.

17        Furthermore, although the law is not crystal clear on this point, the Ninth Circuit has held

18 that "futility" created by a party's untimeliness does not suffice to excuse a lack of exhaustion:

19        Selam's appeal of his right-of-confrontation claim in the tribal court of appeals
          would be futile now because tribal appellate procedure only entitled him to appeal
20        within thirty days of his conviction. But if we were to assume jurisdiction over an

21 _____

22 [1] As the homepage indicates, the RVIT judiciary's website has not been updated since June 29,
   2019, as the "next 6 months of **tentatively** scheduled Tribal Court dates" list dates from June 18,
23 2019 through November 19, 2019. *See* https://courts.rvit.org/ (emphasis in original).

24 [2] Plaintiff's allegation that the RVIT Tribal Court's dismissal of the case was erroneous and "at
   the behest of the tribal council," in violation of the separation of powers required by the
25 Constitution, Dkt. 102 at 2, is insufficiently supported by the allegations in the record and, more
   importantly, ill-suited for this court to review and decide, certainly in the first instance. *See Nat'l*
26 *Farmers,* 471 U.S. at 856 (explaining that cases that may implicate tribal self-government and
   self-determination should be conducted in the first instance in the Tribal Court itself); *Iowa Mut.*
27 480 U.S. at 15.

28

United States District Court
Northern District of California

unexhausted claim solely on the basis that it is now too late ("futile") for Selam to bring it, this would eviscerate the tribal court exhaustion requirement-at least in cases where parties have a limited period of time in which to file an appeal. Therefore, we decline to consider the appeal of a judgment in the tribal courts futile just because the dissatisfied party has neglected to file a timely appeal.

*Selam v. Warm Springs Tribal Corr. Facility*, 134 F.3d 948, 954 n.6 (9th Cir. 1998) (cited favorably in *Alvarez v. Tracy*, 773 F.3d 1011, 1018 (9th Cir. 2014), withdrawn and superseded on other grounds in *Alvarez v. Lopez*, 835 F.3d 1024 (9th Cir. 2016)); *see also Davis v. Mille Lacs Band of Chippewa Indians*, 193 F.3d 990, 992 (8th Cir. 1999) ("We do not think that the exhaustion requirement has been satisfied when the absence of tribal appellate review stems from the plaintiff's own failure to adhere to simple deadlines.").

By failing to file a timely appeal to the Tribal Court, Pacino has created a seemingly insurmountable obstacle to this court exercising jurisdiction, paradoxical as it may be. He has not exhausted his tribal court remedies, and will likely never be able to do so. Accordingly, this case must be dismissed with prejudice.

It does, however, appear that Pacino can still pursue a state court action under Public Law 280, as discussed in a previous order. Previous orders have also outlined why Pacino must also satisfy administrative exhaustion with the Bureau of Indian Affairs, but it appears Pacino still has not formally appealed the BIA's inaction. Either of these processes may be a more fruitful avenue.

This decision is surely a frustrating one for Plaintiff, who has doggedly trudged through the thicket of knotty legal questions in this case, unassisted by counsel, for a reward of multiple courts professing that they lack jurisdiction to adjudicate his claim; all the while, trespassers are allegedly squatting in his childhood home. The outcome is as regrettable as it is compelled.

**IT IS SO ORDERED**.

Dated: February 10, 2023

_____
RICHARD SEEBORG
Chief United States District Judge